In the matter of the estate of JOHN M. LIPPINCOTT, deceased.

[Argued October 18th, 1904.    Filed January 31st, 1905.]

By the will of John M. Lippincott, his residuary estate was bequeathed and devised to a trustee, in trust (among other things) to pay the net income to his daughter, Annie, for life, and in case the net income should prove insufficient for her necessary support and maintenance, authority was given the trustee to pay to her, out of the principal, such weekly or monthly allowance as might be required for such support and maintenance.—*Held*, that no jurisdiction has been conferred upon an orphans court, either by section 3 of the Orphans Court act of 1898, or by any other legislation, to determine whether the trustee was properly performing the trust, or to direct the trustee how to perform the same.

---

On appeal from a decree of the Cumberland county orphans court.

By the will of John M. Lippincott, deceased, the following provision was made:

"*Fourth.* All the residue and remainder of my estate, real and personal, * * * I give, devise and bequeath to the Cumberland Trust Company, of Bridgeton, to have and to hold the same upon the following uses and trusts, viz., to collect the rents, issues and profits of my estate, and, after paying taxes, insurance premiums, water rents and the expenses of keeping said real estate in proper repair, to pay the net income thereof to my daughter, Annie M. Lippincott Stell, for and during her natural life.

"*Fifth.* I authorize and empower said trust company to sell and convey any and all of my real estate in its discretion. The net proceeds to be invested and held in place of and upon the same trusts as the lands represented thereby.

"*Sixth.* In case the net income of my estate shall prove insufficient for the necessary support and maintenance of my said daughter, I authorize said trust company to pay to her, from time to time, out of the principal of my estate, such weekly or monthly allowance as may be required for her said necessary support and maintenance.

. "*Seventh.* On the death of my said daughter, all of my estate which shall then remain in the hands of said trust company shall be divided in the following manner, to wit: two-thirds ($^2/_3$) to the issue of my said daughter, if any there be, and one-third ($^1/_3$) to my said three grandchildren, in the proportions specified in paragraph second of this will. If my said daughter shall die without issue living at the time of her death, then all of the said residue of my estate shall be divided between my said three grandchildren, in the proportions aforesaid, viz., one-half to William, and one-quarter each to Elsie and Mary, to them, their heirs and assigns forever. Neither the issue of my said daughter, if any, nor my said three grandchildren, to come into actual possession of any property given to them in this will until they shall respectively attain the age of twenty-one years. During their minority the income of their respective shares in my estate shall be applied by said trust company towards their support, maintenance and education." ·

*Mr. Walter H. Bacon,* for the appellant.

*Mr. Rex H. Donnelly,* for the respondents.

MAGIE, ORDINARY.

A petition was presented to the Cumberland county orphans court by Anna M. Lippincott, representing herself to be the beneficiary in the clauses of the will of John M. Lippincott, deceased, which are set forth in the above statement, and therein named as Annie M. Lippincott Stell. It charged that the Cumberland Trust Company, the trustee named in said will, had paid her the income arising out of the trust estate in its hands, but that such income had proved wholly inadequate and insufficient

for her necessary support and maintenance, and that she had applied to the said trustee to pay her an allowance out of the principal of the trust fund such as was required for her necessary support and maintenance, but that the trust company had refused to pay her any such allowance until that court should so order.

The petition prayed the aid of the orphans court in the premises, and an order requiring the trustee to pay the petitioner, from time to time, out of the principal of the trust fund, such weekly or monthly allowance as the proof should show to be required for the petitioner's necessary support and maintenance, in accordance with the provisions of said will.

Upon this petition a citation issued, bringing in the Cumberland Trust Company as executor of and trustee under the will, and as guardian of William, Mary and Elsie Lippincott, the grandchildren of the deceased named in the seventh paragraph of the will above recited.

Upon the proofs taken before the court below (which proofs have not been brought up with the transcript), an order was made requiring the Cumberland Trust Company, of Bridgeton, as trustee, to pay to the petitioner, out of the principal of the trust fund, the sum of $55 to defray an indebtedness of petitioner, presumably incurred for her support, and the further sum of $5 every week thereafter until further order of the court.

The order also recited that it appeared to the court that the personal estate of the deceased had become exhausted and that the only available assets consisted of real estate, and thereupon it was further ordered that the trustee should, for the purpose of creating a fund to meet the requirements of the previous order, proceed to sell, in its discretion, a part of said real estate, and that when the fund thus created should be exhausted the trustee should report to the court for further order.

The appellant in this case is William F. Lippincott, one of the infant grandchildren of the deceased named in the seventh paragraph of the will, who, by its terms, has an interest in the trust fund. He appears by a guardian and next friend, and his sole contention is that the orphans court lacked jurisdiction to make the order appealed from.

On the part of the respondents it is claimed that the orphans· court possessed jurisdiction in that respect under the provisions contained in section 3 of the Orphans Court act of 1898 (*P. L. 1898 p. 715*), by which jurisdiction is conferred upon that court to entertain suits for the recovery of legacies and distributive shares under certain circumstances. They insist that such is the nature of this suit.

Those provisions of the statute afford no foundation for a petition and proceeding of this sort. The petitioner has no legacy or distributive share which could be decreed to be paid over to her under such a proceeding. The legatee and devisee under this will is the trust company. It takes the residuary real and personal estate of the deceased in trust (among other things) for petitioner's benefit, and this proceeding is plainly one to require the trustee to perform a duty in respect to the trust fund which petitioner asserts they are not performing in the manner required.

It is not open to doubt that relief of this kind falls within the jurisdiction of the court of chancery. No jurisdiction of that nature can be found to have been conferred upon the orphans court. The jurisdiction over legacies is plainly inadequate to include the enforcement of trust duties, and no legislation respecting that court has been discovered upon which its jurisdiction in this respect can be grounded. Such was the conclusion reached by me in *O'Callaghan's Case, 64 N. J. Eq. (19 Dick.) 287*, and in *Ellicott* v. *Kuhl, 60 N. J. Eq. (15 Dick.) 333*.

In the case of *Eberhardt* v. *Perolin, 48 N. J. Eq. (3 Dick.) 593*, a decree of the orphans court had undertaken to construe a will and direct what should be done by a person to whom a part of the estate was left to be disposed of under certain recommendations set forth in the will of a deceased person. The orphans court decree was brought into this court by appeal, and McGill, Ordinary, declared that the proceeding in which that decree was made was not a suit for a legacy or for distribution, in which cases the orphans court would have had a semblance of jurisdiction, under the Orphans Court act then existing, but was one for the establishment of a trust, and therefore one properly

of chancery cognizance. Notwithstanding his expressed opinion, the ordinary proceeded to consider the matter presented upon the appeal as to the merits, because no objection to the jurisdiction had been made or argued by counsel. He expressly declared that his decision was not to be made a precedent in favor of the doubtful jurisdiction. That case was brought into the court of errors and appeal by appeal, and the decree of the ordinary was reversed upon considerations of the questions presented upon the record. *Eberhardt* v. *Perolin, 49 N. J. Eq. (4 Dick.) 570.* In doing so the court of errors and appeals, speaking by Mr. Justice Van Syckel, declared that the power of the orphans court to take cognizance of the case had not been raised in the court of errors and appeals or in the court below, and no opinion was expressed upon it.

The jurisdiction of the orphans court to act on this petition was challenged in that court. The question of jurisdiction is presented on the appeal. If the order appealed from was made without jurisdiction, it will afford no protection whatever to the trustee. As I find it thus presented, I must determine it in accordance with the cases above cited.

The order must therefore be wholly reversed, and as this objection was plainly presented in the court below, I think the reversal must be made upon the payment of the costs of this appeal by the respondents.